IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| KAREN CORBIN | ) | NO.: 22-07509 |
| | ) | |
| Debtor, | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE: A. BENJAMIN GOLDGAR |

## NOTICE OF MOTION

TO:  See attached list

PLEASE TAKE NOTICE THAT that on August 22, 2022 at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the motion of VAK M25 FUND, LLC for In Rem Relief from Stay, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646- 828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 500 0972** and the password is **726993**. The meeting ID and password can also be found on Judge Goldgar's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

I, the undersigned Attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on August 8, 2022, at 5:00p.m.

McCalla Raymer Leibert Pierce, LLC

/s/ *Dana O'Brien*
_____
Dana O'Brien
IL Bar No. 6256415
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

## SERVICE LIST

To Trustee:  *by Electronic Notice through ECF*
William B Avellone
Chartered Management Company, Inc.
10 S. Riverside Plaza
Suite 875
Chicago, IL 60606

To Debtor:  *Served via U.S. Mail*
Karen Corbin
1840 Longfellow Court
Berkeley, IL 60163

To Attorney:  *by Electronic Notice through ECF*
Robert R Benjamin
Golan Christie Taglia LLP
70 West Madison Street
Suite 1500
Chicago, IL 60602

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| KAREN CORBIN | ) | NO.: 22-07509 |
| | ) | |
| Debtor, | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE: A. BENJAMIN GOLDGAR |

## MOTION TO MODIFY THE AUTOMATIC STAY *IN REM*

NOW COMES VAK M25 FUND, LLC (hereinafter "Movant") a secured creditor herein, by its attorneys, McCalla Raymer Leibert Pierce, LLC, and requests that the Automatic Stay heretofore entered on the properties located at real properties commonly known as 5314, 5322, 5323, 5333, 5339, and 5345 West Madison Street, Chicago, IL 60644 be Modified *in rem* stating as follows:

1. On July 6, 2022, the above captioned Chapter 11, Sub Chapter V was filed.

2. At the time the instant motion was filed, there is no plan filed.

3. In order to substantiate and illuminate its request for *In Rem* relief, Movant believes it is pertinent that the Court be briefed as to the past history of this loan; a Chronology of the prior Foreclosure History is attached hereto, and incorporated herein as Exhibit A.

4. First Midwest Bank was the mortgagee on the real estate parcels comprising the Corbin Colonial Funeral Chapel, that was subsequently transferred to VAK M25 FUND, LLC.

5. The Debtor executed a Mortgage on April 03, 2008, that allowed for sums to be advanced up to maximum indebtedness of $2,655,000.00.

6. The subject Mortgage secures a Note executed by or on behalf of: Randy C Corbin (now

deceased) and Karen Corbin, Debtor.

7. At loan origination, Randy Corbin (now deceased) executed a promissory note in the amount of $705,000.00 and contemporaneously executed a second note in the amount of $180,000.00.

8. Both Notes matured on April 3, 2013.

9. On or about August 20, 2010, the Debtors executed a third promissory note in the amount of $150,000.00 with a maturity date of August 20, 2013.

10. All three promissory notes are secured by the Mortgage.

11. The Mortgage is secured by real properties commonly known as 5314, 5322, 5323, 5333, 5339, and 5345 West Madison Street, Chicago, IL 60644.

12. These properties consist of the Corbin Colonial Funeral Chapel, Inc. (5339 and 5345) and related parcels including two parking lots (5314 and 5322), a storage unit (5323) and an annex building (5333).

13. The Debtors defaulted on payments and failed to refinance the debts prior to the 2013 maturity date as required under the plan.

14. On December 12, 2017, the Debtors executed an Agreement with VAK M25 Fund, LLC, consolidating the three promissory notes. (Exhibit B)

15. The 2017 Agreement provided for a total loan balance of $1,236,306.65 to be paid at an interest rate of 6.29% and extended the maturity date from April 3, 2013 to February 1, 2018.

16. However, the Debtors failed to pay off the loan balance by the maturity date.

17. This case represents the debtor's second Chapter 11 Bankruptcy. The first was filed as a Chapter 11 on December 5, 2011, as case number 11-48948, and confirmed on October 10, 2012.

18. The confirmed plan provided for payment to VAK M25 FUND, LLC, without modifying its interest.

19. On January 6, 2021, Debtor filed Debtors' Motion to Reopen Bankruptcy Case for Entry of Discharge.

20. VAK M25 FUND, LLC objected to the motion, and an order was entered carving out the debtt to Movant, and an Order was entered excepting the debt from discharge in that prior case, that was entered February 9, 2021.

21. A Foreclosure Complaint was filed on August 23, 2019, as case number 2019-CH-09800, and amended on September 22, 2020, to add heirs.

22. Movant presented its motion for summary judgment against Debtor on June 8, 2021. Since that time, Debtor had continually sought extensions and made requests to delay a hearing on the merits of the case.

23. The Judgment motions were continued multiple times and set before the Court on July 16, 2021, August 25, 2021, October 5, 2021, December 15, 2021, January 3, 2022, and January 25, 2022, March 14, 2022, and April 11, 2022, when the Judgment of Foreclosure was entered for $1,723,788.47. (Exhibit C).

24. There had been a pattern of delay in the state court Foreclosure case which had allowed Debtor to avoid a hearing on the merits of the summary judgment for nine months. Debtor had been generously granted multiple extensions of time.

25. Foreclosure sale was set for May 26, 2022, was stayed, and reset due to Motion to Stay Sale to June 13, 2022, and re set to June 14, 2022, when another Motion to Stay Sale was filed and continued the sale to June 23, 2022, stayed the Sale to June 24, 2022, when a 3rd Motion to Stay Sale was filed staying the foreclosure sale to July 7, 2022, which the State Court notes as a

final Motion to Stay Sale.

26. The instant Subchapter V case was filed July 6, 2022, on the day before the continued sale.

27. Defendants, through their attorneys, had communicated a desire to refinance the loan for over three years.  As early as May 23, 2019, counsel for Movant received correspondence from Defendants' prior counsel who expressed a desire to refinance the debt.

28. Debtor never followed through on their purported desire to refinance.

29. Movant has been told of a pending refinance for the past three plus years.

30. Movant  has been opening and willing to work with Debtor on a resolution.

31. In the istant casef, Debtors have sent a proposed Plan to Movant, which impairs its value, using an appraisal from August 22, 2021, which is almost a year prior to the fling of this case.

32. Moreover, the proposed plan sent for Movant's consent and approval pays Movant an interest rate of 3% which is unacceptable under the case of *Till v. SCS Credit Corp.*, 541 U.S. 465, (2004), where the Supreme Court adopted a two-part "prime-plus" formula for determining the proper interest rate a debtor should pay on secured claim.

33. Since the August 2021 aprraisal, property values have increased substantially in value, and Movant disgrees that the valuation from 2021 is accurate.

34. Pursuant to 11 U.S.C. §362(d)(4) this Court may modify the Automatic Stay in rem if it finds that the filing of the petition was part of was part of a "scheme to delay, hinder, or defraud" creditors.

35. While the "scheme to delay, hinder or defraud" may include transfer without consent, Section 362(d)(4)(B) also provides for *in rem* relief where there are multiple bankruptcy filings affecting such real property.

36. Debtor's schedules and proposed unfiled plan indicate an intent to cramdown the real properties that is the subject of this Motion in Rem.

37. Movant asserts that this bankruptcy case is just another undertaking in a pervasive "scheme to delay, hinder or defraud" the Movant, and that *in rem* relief is warranted as provided in 11 U.S.C. §362(d)(4).

38. The Debtor's past behavior, along with Debtor's prior Chapter 11 case, and subsequent case history, exhibits an intent to continually file petitions in the face of a failed Foreclosure, clearly to further frustrate and delay their creditors, with neither the intent and/or ability to maintain a successful Bankruptcy.

39. Debtors' prior Chapter 11 and current Chapter 11 Sub. V filing severely undercuts any suggestion that the Debtor has attempted to and/or can meet her obligation in bankruptcy and treat Movant fairly.

40. Congress added Section 362(d)(4) to the Bankruptcy Code in 2005, to address perceived abuses in the bankruptcy process by repeat filers. This section provides that the Court can Order that any and all future filings by any person or entity with an interest in the subject property will not operate as an automatic stay against the creditor and its successors and/or assigns for a period of two years after the date of the entry of such an order, if the Court finds that the filing of the bankruptcy was part of a scheme to delay, hinder, or defraud creditor that involved (B) multiple bankruptcy filings affecting such real property.

41. Movant requests that the requirements of Bankruptcy Rule 4001(a)(3) be waived, therefore allowing this Order to be effective upon this Honorable Court's signature.

WHEREFORE, YOUR MOVANT respectfully prays that the Automatic Stay be modified *in rem* and that Bankruptcy Rule 4001(a)(3) be waived as not applicable, and for such other and further relief as this Court deems just.

                                                McCalla Raymer Leibert Pierce, LLC

By:    */s/ Dana O'Brien*
           Dana O'Brien
           Counsel for VAK M25 FUND, LLC
           IL Bar No. 6256415
           1 N. Dearborn Suite 1200
           Chicago, IL  60602
           Phone: (312) 346-9088
           Fax: (312) 551-4400
           Email:  ILpleadings@mrpllc.com